REMER (FITCH v.). See Case No. 4,836.

REMHOFF (PARKER v.). See Case No. 10,-747.

REMICK, In re. See Case No. 4,959.

## Case No. 11,695.

### REMINGTON et al. v. ATLANTIC ROYAL MAIL STEAM NAV. CO.

[6 Blatchf. 153.][1]

Circuit Court, S. D. New York. June 8. 1868.

#### PRACTICE IN ADMIRALTY — APPEAL — REINSTATEMENT—TAKING PROOFS.

Where. on a libel in personam, in the district court. against a corporation, for a collision alleged to have been caused by a vessel owned by it, the libel was dismissed by that court. on the ground that there was no such corporation, and that it did not own such vessel, and no testimony was put in in that court as to the merits, by the respondents, and. on appeal by the libellants to this court, such objections were removed by evidence. this court, on reversing the decree. allowed both parties to take proofs on the merits, in this court, with liberty to either party to amend his pleading.

[Appeal from the district court of the United States for the Southern district of New York.]

[1] [Reprinted from 5 Reporter, 646, by permission.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

This was a libel in personam, filed in the district court [by Joshua Remington and others], to recover damages for a collision, alleged to have been caused by the steamship Indian Empire, a vessel owned by the respondents, a corporation. On the hearing in the district court, objections to a recovery, on the ground that there was no such corporation as the respondents, and that they were not the owners of the vessel in question, were sustained, and the libel was dismissed on those grounds, without any ' testimony having been put in on the part of the respondents, in respect to the merits. [Case unreported.] The libellants appealed to this court, and, by further testimony, taken on the appeal, the objections in question were removed.

Charles Donohue, for libellants.
Erastus C. Benedict, for respondents.

NELSON, Circuit Justice. The decree of the court below must be reversed, but I have had some difficulty as to the further disposition of the case. The only evidence found in the record, in respect to the collision, is that given by the master of the libellants' vessel. In view of the grounds on which the court below disposed of the case, I am inclined to think, that that evidence ought not to be received here as plenary proof of the collision, on this appeal. I shall, therefore, direct the case to stand, for proofs to be taken by the respective parties in this court, upon the merits, with liberty to either party to amend his pleading, preparatory to the taking of the proofs.